In the Matter of NATHAN JAFFE (Admitted as NATHAN S. JAFFE), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 11, 1968.

*John G. Bonomi* of counsel (*Judith Bader York* with him on the brief), for petitioner.

*Nathan Jaffe,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar in the First Judicial Department in December, 1938. A Referee has found that two charges of professional misconduct, lodged against respondent, have been sustained. The evidence as to the first charge demonstrates neglect in the prosecution of a client's action to annul her marriage. After that action appeared on the undefended matrimonial calendar and a hearing was held before a Referee, respondent was directed to submit " papers necessary to conclude the action ". Respondent failed to submit any papers, with the result that the case was marked " off the calendar " in October, 1957. Thereafter respondent's false representations led his client to believe that the marriage had been dissolved and it was not until 1966 that his client discovered that the dissolution had not been accomplished. Respondent's promises thereafter to restore the matter to the calendar went unfulfilled.

As to the second charge, the evidence clearly demonstrates that respondent failed to co-operate with the Grievance Committee during the course of the investigation relating to the matters aforementioned, in that he ignored repeated requests by

counsel for the committee for a statement setting forth his position with respect to said matters.

The report of the Referee is confirmed. Respondent's inexcusable neglect in his client's cause constituted professional misconduct. It appears further that respondent has heretofore been admonished by the Committee on Grievances for neglecting a malpractice action and for misrepresenting the status of that matter to his client. "A proper regard for the protection of the public would indicate that respondent should be suspended from the practice of law" for a period of one year and until further order of the court. (*Matter of Parness*, 15 A D 2d 332, 333; *Matter of Sultan*, 26 A D 2d 210; *Matter of Edelman*, 16 A D 2d 521.) We do not take into consideration respondent's failure to co-operate with the Committee on Grievances in assessing punishment as set forth in the second charge.

Respondent should be suspended for a period of one year.

CAPOZZOLI, J. P., TILZER, McGIVERN, RABIN and McNALLY, JJ., concur.

Respondent suspended for a period of one year effective July 11, 1968.